# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **In re:** | : | |
| | : | Chapter 11 |
| **UNITED GILSONITE LABORATORIES,** | : | |
| **A PENNSYLVANIA CORPORATION,**[1] | : | Case No. 5:11-bk-02032 (RNO) |
| | : | |
| **Debtor.** | : | |
| | : | |

## INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES, (II) DEEMING UTILITY PROVIDERS ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT

Upon consideration of the Motion[2] of United Gilsonite Laboratories, a Pennsylvania corporation, the above-captioned debtor and debtor in possession (the "Debtor"), pursuant to sections 105(a) and 366 of the Bankruptcy Code for entry of an Interim Order and a Final Order (i) prohibiting Utility Providers from altering, refusing or discontinuing utility services, (ii) deeming that the Debtor's Utility Providers have been provided with adequate assurance of payment for future services, and (iii) establishing procedures for determining the adequate assurance of payment for future services; and upon consideration of the Motion and all pleadings related thereto, including the *Declaration of Thomas White in Support of Chapter 11 Petition and First-Day Motions*; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in

---

[1]  The last four digits of the Debtor's federal tax identification number are 7530.

[2]  All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

#1613760 v1
110230-71699

the Motion is in the best interests of the Debtor, its estate, and creditors; and after due deliberation thereon, and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on an interim basis.

2.      The Debtor is authorized, but not, directed, to pay on a timely basis and in accordance with its pre-petition practices, all undisputed invoices for post-petition Utility Services provided by the Utility Providers.

3.      The Debtor shall, on or before twenty (20) days after the entry of this Order, deposit a sum equal to fifty percent (50%) of the Debtor's estimated average monthly cost of Utility Services (the "Adequate Assurance Deposit") into an interest-bearing, segregated account, pending further order of the Court, for the purpose of providing each Utility Provider adequate assurance of payment of its post-petition Utility Services to the Debtor.  Through the date that the Final Order approving the Motion is entered, the Adequate Assurance Account shall be maintained with a minimum balance equal to fifty percent (50%) of the Debtor's estimated average monthly cost of Utility Services.  Nothing in this paragraph or this Interim Order constitutes a final finding that the Adequate Assurance Deposit constitutes "adequate assurance of payment for utility service that is satisfactory to the [Utility Providers]" under 11 U.S.C. § 366(c)(2).

4.      Pending a final hearing on the Motion (the "Final Hearing") or further order of this Court, all Utility Providers are prohibited from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtor on account of the commencement of this chapter 11 case or any unpaid pre-petition charges.

2

#1613760 v1
110230-71699

5.      The Debtor shall serve a copy of the Motion, together with the proposed Final Order and a copy of this Order, which includes the proposed Adequate Assurance Procedures, on each Utility Provider within five (5) business days after entry of this Interim Order by the Court.

6.      If a Utility Provider is not satisfied with the Adequate Assurance Deposit provided by the Debtor, the Utility Provider shall serve a written request (the "Additional Assurance Request") no later than ten days prior to the date set for the Final Hearing (the "Additional Assurance Request Deadline") for additional adequate assurance so that it is received by the Debtor and its counsel at the following addresses: (a) United Gilsonite Laboratories, Inc., 1396 Jefferson Avenue, Wilkes-Barre, Pennsylvania 18509-2425 (Attn: Don Mancuso), and (b) Gibbons P.C., One Gateway Center, Newark, NJ 07102 (Attn: Mark B. Conlan, Esq.).

7.      Any Additional Assurance Request must: (i) be in writing; (ii) set forth the location(s) where the Utility Services are provided; (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposit or other pre-payments or assurances previously provided by the Debtor; (iv) describe in sufficient detail the reason(s) why the treatment afforded pursuant to the procedures set forth herein does not constitute satisfactory adequate assurance of payment; (v) include a proposal for what would constitute adequate assurance from the Debtor along with an explanation of why such proposal is reasonable; and (vi) be received by the Debtor and counsel to the Debtor on or before the Additional Assurance Request Deadline.

8.      In the event the Debtor receives any Additional Assurance Request in compliance with the Adequate Assurance Procedures, the Debtor shall have the greater of (a) fourteen (14) days from the receipt of any such Additional Assurance Request, or (b) 30 days from the Petition

#1613760 v1
110230-71699

Date (the "Resolution Period") to negotiate with the Utility Provider to resolve that Utility Provider's request for additional assurance of payment. During this period, such Utility Provider may not terminate any of the Utility Services it provides to the Debtor on account of the bankruptcy filing or any unpaid charges for pre-petition services.

9.     The Debtor may, in its sole discretion, resolve any timely filed Additional Assurance Request by mutual agreement with the Utility Provider without further order of the Court, and may, in connection with any such agreement, in its discretion, provide additional adequate assurance to a Utility Provider serving a timely Additional Assurance Request; provided, however, that if the agreement provides for the Utility Provider's recourse to the Adequate Assurance Account in an amount greater than its ratable share of the Adequate Assurance Deposit, the Debtor shall increase the amount of the Adequate Assurance Deposit accordingly.

10.     If the Debtor determines that the Additional Assurance Request is not reasonable and is not able to reach an alternative resolution with the Utility Providers during the Resolution Period, the Debtor, during or immediately after the Resolution Period, shall request a hearing before this Court to determine the adequacy of assurance of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

11.     Pending resolution of any such Determination Hearing, such particular Utility Provider shall not alter, refuse or discontinue Utility Services to the Debtor on account of unpaid charges for pre-petition services or the Debtor's bankruptcy filing.

12.     The Determination Hearing will be an evidentiary hearing at which the Court will determine whether the Adequate Assurance Deposit and the additional adequate assurance of

4

#1613760 v1
110230-71699

payment requested by the Utility Provider should be modified pursuant to section 366(c)(a)(A) of the Bankruptcy Code.

13.     The Debtor is authorized, in its sole discretion, to amend the list of Utility Providers attached as Exhibit B to the Motion (the "Utility List"), to add or delete any Utility Provider, and this Interim Order shall apply to any such Utility Provider that is subsequently added to the Utility List. Nothing herein constitutes a finding that any entity is or is not a Utility Provider hereunder or a utility under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility List.

14.     The Debtor shall serve a copy of the Motion and this Order on each Utility Provider within five (5) business days after entry of this Order by the Court, and shall also serve this Order on each Utility Provider subsequently added to the Utility List.

15.     The Final Hearing, if required, on the Motion will be held on April 21, 2011 at 9:30 A.M. (ET) (the "Final Hearing"). The deadline by which any objection to the Motion must be filed and served on counsel to the Debtor by April 15, 2011 at 4:00 p.m. (ET). The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order. If no objections are filed to the Motion, this Court may enter a Final Order on the Motion without further notice or hearing.

16.     Without prejudice to the rights of any party-in-interest (including Utility Providers) pursuant to section 366(c)(3) of the Bankruptcy Code, the Debtor intends to seek a finding at the Final Hearing that the Adequate Assurance Deposit be deemed adequate assurance of payment for any Utility Provider that fails to make an Additional Assurance Request pursuant to the Adequate Assurance Procedures.

#1613760 v1
110230-71699

17.     The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

18.     Nothing in this Interim Order or the Motion shall be deemed to constitute post-petition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code.

19.     The terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

20.     Nothing in this Interim Order impairs or otherwise affects the rights of Utility Providers under section 366(c)(4) of the Bankruptcy Code.

21.     The relief granted herein applies to all Utility Providers providing Utility Services to the Debtor and is not limited to just those Utility Providers listed on Exhibit B to the Motion.

22.     The Debtor may terminate service of any Utility Provider by providing written notice, after which, the Debtor may adjust the amount in the Adequate Assurance Account to reflect: (i) the termination of a Utility Provider by the Debtor regardless of any Additional Assurance Requests and without giving effect to any rights of setoff or any claims the Utility Providers may assert against the Debtor; and (ii) agreements with the Utility Providers.

23.     Notwithstanding anything to the contrary contained herein, the relief herein is granted solely to the extent that it is consistent with any Order authorizing the Debtor to obtain postpetition financing on an interim or final basis with respect thereto, as applicable, and to the extent the payments authorized by this Motion are provided for in the approved budget.

24.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

6

#1613760 v1
110230-71699

25.     Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

26.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Interim Order.

**By the Court,**

_____
Robert N. Opel, II, Bankruptcy Judge
(BI)

Dated: March 25, 2011

#1613760 v1
110230-71699